STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
ROBERT POLK, DEFENDANT-RESPONDENT.

Argued September 11, 1978—Decided January 18, 1979.

*Ms. Ileana N. Saros,* Deputy Attorney General, argued the cause for appellant (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney; *Mr. Barry T. Albin,* Deputy Attorney General, of counsel and on the briefs).

*Mr. Donald T. Thelander,* Assistant Deputy Public Defender, argued the cause for respondent (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

PER CURIAM. The judgment is affirmed substantially for the reasons expressed in the opinion of the Appellate Division.

PASHMAN, J., concurring. I concur in the result and much of the reasoning of the Appellate Division's decision which we today affirm. I write separately to clarify that portion of its holding which relates to the nature and scope of the intoxication defense.

Voluntary intoxication is relevant in a murder prosecution only as it bears upon whether a defendant *in fact* performed the mental operations necessary to raise murder from second degree to first degree. That is, voluntary consumption of alcohol or drugs will prevent the elevation of second to first degree murder if and only if that consumption so impaired the mental faculties of an accused that he did not in fact possess the premeditation, deliberation and willfulness essential to the crime of first degree murder. *See State v.*

*Maik,* 60 *N. J.* 203, 215 (1972); *State v. King,* 37 *N. J.* 285, 297–298 (1962).

Although the Appellate Division remarked in passing that the particular defendant here involved may have been "incapable" of performing the requisite mental operations, I do not read this as in any way suggesting that the intoxication defense becomes operative only if intoxication is so severe as to make an accused physically incapable of possessing the requisite state of mind. Rather, the Appellate Division's favorable reference to *Maik* that "it is incumbent upon the State to prove beyond a reasonable doubt that defendant *in fact* performed the mental operations necessary to raise a murder from second degree to first degree," 164 *N. J. Super.* 457, 462 (App. Div. 1978) (emphasis supplied), demonstrates that it is the "in fact" standard there espoused to which the majority of this Court adheres.

Indeed, this conclusion is conceptually sound. It is elementary that in a first degree murder prosecution the State bears the burden of proving the existence of willfulness, deliberation and premeditation. *See, e. g., State v. Christener,* 71 *N. J.* 55, 64–65 (1976). If an accused did not in fact possess these mental attributes, the prosecution must fail. Thus, irrespective of a defendant's physical capability to form the requisite mental state, if he did not in fact possess that state due to intoxication, he cannot be convicted of first degree murder. Instead, he can be convicted only of murder in the second degree.

I am also impelled to comment upon the Appellate Division's brief reference to "burden of proof" insofar as the intoxication defense is concerned. It is well-settled that neither the State nor the accused bears a "separate" burden of proof regarding the existence of intoxication. Rather, a defendant's consumption of intoxicants is merely one factor to be considered by the jurors in making their determination as to whether the acts of the accused were in fact premeditated, willful, and deliberate. *See, e. g., State v. Maik, supra,* 60 *N. J.* at 215; *State v. King, supra,* 37 *N. J.* at 297–298;

*State v. DiPaolo,* 34 *N. J.* 279, 295–296 (1961), *cert.* den. 368 *U. S.* 880, 82 *S. Ct.* 130, 7 *L. Ed.* 2d 80 (1961). Hence, as the Appellate Division pointed out, 164 *N. J. Super.* at 463, the State need not prove sobriety beyond a reasonable doubt. Instead, it is merely required to prove beyond a reasonable doubt, from the totality of the evidence adduced at trial, that the accused acted with a premeditated, willful, and deliberate state of mind.

Given this understanding of the opinion below, I join in the result reached by the majority.

PASHMAN, J., concurring in the result.

*For affirmance*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*For reversal*—None.